[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action instituted in March 1998 by the plaintiff wife, Artimisia Zavitsanos, against the defendant husband, Nicholas Zavitsanos seeking a dissolution of their marriage. One of the parties has resided in the State of Connecticut for more than one year prior to the bringing of this action and the court has jurisdiction over the marriage and the parties. Neither party has been a recipient of public assistance during the period of the marriage. The parties have one child, Christina, born on January 15, 1993. There are no other proceedings pending in this state or any other concerning the custody of the minor child. The parties' marriage has broken down irretrievably and there is no reasonable likelihood of reconciliation. CT Page 6571
The parties were married on March 12, 1992 in West Haven, Connecticut. Their relationship soon became tumultuous and was characterized by periods of separation. In January 1994, after one such separation, the wife started divorce proceedings. They were able to reconcile and the 1994 divorce case was withdrawn. However, after an unhappy vacation in Greece, they returned to the United States and separated again. They essentially have lived apart at least since December 1994, with the wife living in Connecticut and the husband living in Iowa. The last time the husband saw his daughter was in December 1994. Both parties contributed to the breakdown of the marriage, but the court credits the testimony of the wife and concludes that the husband's conduct was the primary cause for the breakdown of the marriage.
The wife is 42 years old and in good health. She graduated from college in 1978. She presently works as a manager of perishable goods for K-Mart. She earns $860 gross and $683 net per week from this employment. According to her financial affidavit, she has weekly personal expenses of $777 and total liabilities of $33,810. She has a small balance maintained in her checking account and no other assets. Her residence and her automobile were purchased for her by her parents and she pays the loans that they acquired to make these purchases.
The husband is 54 years old and suffers from a heart condition. His primary source of income is from a restaurant he owns in Iowa, but his health has precluded him from working the very long hours he has worked in the business in the past. According to his financial affidavit, he earns about $393 gross and $309 net per week from this business. He has personal, weekly expenses of $398 and total liabilities of $3,657. He owns three properties in Iowa having a total equity value of approximately $92,755. In addition to the other assets identified on his financial affidavit, he has the following: $40,472 in bank accounts; a $43,264 IRA; and $26,328 saved for the benefit of the parties' minor child. The husband testified that $6,900 of this $26,328 represents accumulated support payments voluntarily offered to the wife and not accepted by her. The court rejects as wholly speculatively the wife's claims that the husband has unacknowledged assets of significant value located in Greece.
The court has carefully considered the evidence, the parties claims, and the statutory criteria for the granting of a dissolution of marriage, the awarding of custody, visitation, CT Page 6572 child support, alimony, and attorney's fees, and the dividing of the parties' assets and liabilities. The court issues the following orders.
 ORDERS
1. Dissolution of Marriage. The parties' marriage is dissolved.
2. Custody. The wife shall have sole legal and physical custody of the minor child. The wife shall keep the husband informed about all major decisions and activities concerning the child. The husband shall have the right to obtain directly all educational and medical information concerning the child. The father shall have the right to reasonable telephone contact with the minor child.
The court notes that the father has not seen the child since December 1994. The court rejects the father's claims that the wife was the sole cause for this lack of contact and that he was unaware that he could have sought judicial relief to acquire visitation even after this lawsuit was instituted.
3. Visitation. During the years 1999 and 2000, the husband shall have the right to reasonable, supervised visitation with the child in Connecticut as determined by the parties. This visitation shall not include overnight visits and shall be supervised by the mother or some other person of suitable age and discretion designated by her.
After the year 2000, the father shall have reasonable rights of unsupervised, visitation in Connecticut as determined by the parties. This visitation may include overnight visitation. The father shall also be entitled to two weeks of summer vacation with the minor child in Iowa or outside of Connecticut. These two weeks shall be taken consecutively. In the absence a mutual, written agreement of the parties, this summer vacation shall not be outside the United States.
The father shall give the mother at least three weeks notice that he intends to exercise his visitation. The father shall notify the mother no later than May 1st of each year about when he intends to exercise his summer vacation time.
The parties may mutually agree to modify this visitation CT Page 6573 schedule to accommodate their schedules or the child's activities, or to increase the father's visitation. Any disputes regarding visitation shall be resolved by the reasonable exercise of the mother's discretion. It is explicitly contemplated by the court that the unsupervised visitation after the year 2000 will have been preceded by the supervised visitation during which the father and child will have received the opportunity to reestablish their relationship. If no supervised visitation occurs, then the mother may decide to preclude the father's unsupervised visitation and summer vacation. If the father believes that the mother has acted unreasonably regarding visitation, or if any other disputes arise concerning custody or visitation, the parties shall first attempt resolution of the dispute with Family Relations before seeking judicial relief.
4. Child Support. The husband shall pay child support in the amount of $68 per week in accordance with the child support guidelines. The mother shall be entitled to claim the minor child as a tax exemption and the father shall not be entitled to claim this exemption.
5. Health Insurance. The wife shall maintain medical insurance for the benefit of the parties' minor child as available through her employment. The parties shall split equally and pay all medical, dental, psychiatric and similar expenses incurred by or on behalf of the minor child and not covered or reimbursed by insurance. The wife may move to modify the child support in order to provide proof of the child's enrollment in the insurance plan and the cost of the premium so that the child support guidelines may be recalculated to reflect the health insurance premium amount. See Child Support Regulations, Sec.46b-2 15a-2 (b)(3)(A).
6. Alimony. The husband shall pay the wife $30,000 in lump sum alimony within 45 days.
7. Property Divisions. Each party shall retain sole possession and ownership of the assets as shown on their respective financial affidavits, except that the husband shall transfer $30,000 cash to the wife to satisfy the alimony award.
8. Debt divisions. Each party shall be liable for the debts shown on their respective affidavit.
9. Counsel fees. The parties shall pay their own counsel fees CT Page 6574 respectively.
10. Restoration. The wife's maiden name of Artimisia Liontas is restored to her.
So ordered this 21st day of June 1999.
Stevens, J.